UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DENISE FORTIN, as parent of minor child JF, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civ. No. 08-108-B-W |
| FRANK A. GLEASON, III, | ) ) | |
| Defendant | ) | |

**MEMORANDUM OF DECISION ON *EX PARTE* MOTION FOR ATTACHMENT**

Plaintiff Denise Fortin, on behalf of her minor child, seeks a writ of attachment against Defendant Frank A. Gleason, III, in the amount of $100,000. Fortin filed a lawsuit against Gleason arising from the sexual abuse of her son, which abuse was perpetrated by Gleason while allegedly engaged in state action pursuant to his job as an assistant high school principal and athletic director. Fortin asserts that she is likely to obtain a judgment against Gleason insofar as Gleason has already pled guilty to the criminal charge of sexual abuse of a minor. Based on her child's personality and mood changes, Fortin believes that damages are likely to meet or exceed the sum of $100,000. I grant the motion for attachment.

**Statement of Facts**

In support of the *ex parte* motion for attachment, Fortin has submitted her own affidavit and the affidavit of her counsel. Counsel's affidavit is limited to asserting that, to the best of his knowledge, there is no insurance, bond or other security available to satisfy a judgment against Gleason. (Certificate of Pl.'s Counsel, Doc. No. 4-3.) Fortin's affidavit indicates that Gleason was previously employed as an athletic director and assistant principal at the Carrabec High

School and as the pastor at the Maranatha Assembly in Anson. (Fortin Aff. ¶ 8.) It also indicates that Gleason resigned from both institutions and that, when Gleason announced his resignation as the pastor of Maranatha Assemblly, he announced that he would eventually relocate to Texas, where he and his wife would work on their marriage following the completion of his sentence. (Id. ¶¶ 8, 12.) Fortin does not offer any affidavit testimony concerning the specific events alleged in her complaint, but she does attest to the fact that Gleason pled guilty to a criminal charge of sexual abuse of a minor in violation of 17-A M.R.S.A. § 254. (Id. ¶ 13.)

>Concerning the harm that has befallen her son, Fortin states:
>
>9. The events outlined in the Complaint have taken a significant toll on JF. He is a mess about what happened to him; he is embarrassed, confused and frustrated at this point. There has been a substantial change in his personality in that he used to be very outgoing and talkative and a jokester, but now he is very much to himself, does not eat much, spends a lot of time in his room, etc.
>. . . .
>
>15. I believe that given the trauma that JF has suffered as a result of Defendant's egregious acts coupled with the fact that the Defendant has plead guilty to Sexual Abuse of a Minor in violation of 17-A M.R.S.A. § 254, it is more likely than not that JF will recover judgment against Defendant in the sum of least $100,000.00.

Given his statements concerning his anticipated move to Texas, Fortin believes that Gleason is likely in the process of liquidating assets in advance of the move and would likely remove property beyond this jurisdiction, conceal it or otherwise dissipate it in the absence of an order of attachment. (Id. ¶¶ 16, 17.) Fortin indicates that her child is 15 years of age.

## Discussion

When considering an application for a writ of attachment, a federal court should consider "the law of the state in which the district court is held," unless federal or constitutional law dictates otherwise. Fed. R. Civ. P. 64. Pursuant to the Maine Rules of Civil Procedure, an order

attaching a defendant's property is ordinarily to be "entered only after notice to the defendant and hearing[1] and upon a finding by the court that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment . . . ." Me. R. Civ. P. 4A(c). However, a writ of attachment may issue on an *ex parte* basis when "(i) there is a clear danger that the defendant if notified in advance of attachment of the property will remove it from the state or will conceal it or will otherwise make it unavailable to satisfy a judgment, or (ii) there is immediate danger that the defendant will damage or destroy the property to be attached." Me. R. Civ. P. 4A(g). Motions for attachment must be supported by affidavit evidence that shall set forth specific facts sufficient to warrant the required findings. Me. R. Civ. P. 4A(c), (g), (i). "The arguments of counsel cannot substitute for the required sworn statements of relevant facts." Wilson v. DelPapa, 634 A.2d 1252, 1254 (Me. 1993). Sufficient evidence on the issue of damages must be such as would enable the Court to make an "informed projection" as to the amount of damages. Id. at 1255.

Based on Gleason's plea of guilty to the charge of sexual abuse of a minor, which requires a showing that Gleason either engaged in a sexual act or else made sexual contact with the child in question, I find that it is more likely than not that Fortin will recover a judgment against Gleason in this civil action.[2] As for damages, it is apparent that they are based entirely on emotional distress. Emotional distress damages can be based on testimony reflecting a change in personality and emotional affect following an assault and there is nothing

---

[1] The Maine Law Court does not require that lower state courts conduct hearings on attachment motions when the defendant has had an opportunity to oppose the motion in writing, as the defendants herein have. Southern Me. Props. Co. v. Johnson, 1999 ME 37, ¶ 8, 724 A.2d 1255, 1257.

[2] The factual basis for federal question jurisdiction is not set forth in Fortin's affidavit, but I am persuaded for present purposes that a basis for federal jurisdiction is adequately pled in the complaint.

3

unforeseeable about the possibility of serious emotion harm arising from an assault.  Cf. Curtis v. Porter, 784 A.2d 18, 24 (Me. 2001) (concerning emotional distress based on a robbery). Emotional injury may also be sufficiently severe to support an intentional infliction claim, particularly when it arises from extreme and outrageous conduct.  Latremore v. Latremore, 584 A.2d 626, 633 (Me. 1990).  Based on my experience, I also find that the sum of $100,000 or more is a likely amount for a jury to return on a claim involving sexual assault against a minor.

> Claims involving injury to one's dignity are, by their very nature, not susceptible to quantification by expert testimony or any other form of evidence. In such cases, the fact finder at trial must decide what dollar amount will appropriately and fairly compensate the plaintiff for her injury. In the context of a motion for an attachment, the court must determine what kind of damage outcome is more probable than not, based on its experience with jury awards and the nature of the emotional distress described in the affidavits.

Vogt v. Churchill, 679 A.2d 522, 524 (Me. 1996) (affirming attachment in the amount of $100,000 in case of non-economic loss based on defamation and noting that "evidence of a plaintiff's mental suffering is sufficient to support a substantial compensatory damage award"). Finally, with regard to the *ex parte* nature of the motion, I conclude that the evidence that the Gleason household will be moving to Texas warrants a finding that Gleason's wife is very likely to remove Gleason's assets from this jurisdiction if Gleason were to receive advance notice of Fortin's motion for attachment.

## Conclusion

For the foregoing reason, the plaintiff's *ex parte* motion for attachment is GRANTED.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

4

April 4, 2008 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge